**TRINITY UNIVERSAL INSURANCE COMPANY, Petitioner,**

v.

**C. L. COOKE AND SONS, Respondent.**

No. B–2686.

Supreme Court of Texas.

July 28, 1971.

Thompson, Coe, Cousins, Irons & Porter, R. B. Cousins and Larry L. Gollaher, Dallas, for petitioner.

Quinn & Price, Nelson Quinn, Abilene, for respondent.

CALVERT, Chief Justice.

In this suit by C. L. Cooke and Sons, a partnership, on a "Texas All Risk Builder's Risk Form" insurance policy, the trial court withdrew the case from the jury at the close of the plaintiff's evidence and rendered judgment that the plaintiff take nothing. The court of civil appeals reversed the trial court's judgment and remanded the cause for retrial. 464 S.W.2d 493. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Cooke purchased its "All Risk" policy in 1961. On March 18, 1966, Cooke, designated as contractor, entered into a written contract with Progress Petroleum, Inc., designated owner, which contract contained a recitation that Progress had recently purchased "all the personal property and equipment, with the exception of certain 'save list items', at the 12 Atlas 'F' Missile sites near Dyess Air Force Base, Texas," and desired Cooke "to dismantle and remove the property and equipment, including the 'save list items" at the 12 missile sites. The nature of the work to be performed by Cooke under the contract was described in paragraph 1; and in so far as is relevant, the first paragraph provides:

"Contractor agrees to dismantle and remove from the silos and surrounding areas at each of the 12 Atlas 'F' Missile sites heretofore designated, every and all property and equipment, including the property and equipment listed on Pages 1 through Page 65 of IFB 01–6017, except such property which may be spe-

cifically excluded herein or by IFB 01–6017 * * *."

* * * * * *

"The Owner may require the Contractor to clean up, close and secure any one or more of the 12 sites pursuant to the Special Conditions of IFB 01–6017.

" * * * Upon request to clean up, close and secure a site, Contractor shall commence and proceed with such work with reasonable diligence and in a good and workmanlike manner * * *." [1]

In the course of the work being performed by Cooke, a fire erupted in one missile silo damaging and destroying a large quantity of property and equipment which was being removed. Cooke's suit is for the value of the property and equipment thus destroyed or damaged.

The insurance policy insured "[a]gainst all risks of direct physical loss or damage from any external cause * * *." It contained the following provision as to coverage:

> "*Covering any and all materials, permanent fixtures and supplies* (including labor costs and other incidental construction expenses) *of any nature whatsoever,* the property of the Assured or the property of others in the custody or control of the Assured, *to be used in the fabrication, and/or erection and/or installation and/or repairing and/or renovating of buildings.*" [2]

Cooke admits that it has coverage of its loss under the policy, if at all, only because the destroyed property was to be used in "renovating of buildings." The court of civil appeals stated that "the evidence adduced at the trial made it uncertain whether the parties intended that the work performed by Cooke and Son (sic) constituted renovation of the missile structures" and

held: "[u]nder the facts we find the term 'renovation' capable of being understood in either of two or more ways and therefore ambiguous. The question should have been submitted to the jury."

Assuming there is evidence that Cooke was engaged in renovating the missile silo (without so conceding or deciding), the action of the trial court in withdrawing the case from the jury was, nevertheless, proper unless Cooke offered evidence that the destroyed or damaged property was, in the words of the contract, "to be used" in the renovating project. We find no such evidence in the record and Cooke does not contend there is any. In passing, we observe that the policy purchased by Cooke seems to be tailored for construction projects rather than for dismantling or demolition projects.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

---

1. Several other provisions of the contract are quoted in the opinion of the court of civil appeals, but we do not regard them as having controlling significance in the decision of the case.

2. Emphasis ours throughout unless otherwise indicated.